Good morning, Judge. My name is Clay Hernandez. I represent the appellate, Mr. Torres-Castelano. I'd like to reserve three minutes, if I may. What I'll attempt to do today is address both issues I have in my brief. I'll begin, with the Court's permission, with the issue of acceptance responsibility, unless the Court would like me to do something else. The actions of my client immediately following his arrest were such that he admitted to being born in Mexico, that he had entered this country illegally, and in fact, I believe, even indicated that he had recently been released from prison in this country. During the trial, he did not take the stand. He did not present a defense that was inconsistent with his previous admissions. The district court judge at sentencing did not seem to find that there was any issue, as the probation department did, with his not also admitting that he had been previously deported. There had been no questions put to him about that. And I believe the probation officer in her pre-sentence report likewise indicated that her finding of him failing to receive acceptance responsibility points, and we're only talking about two points, was not based upon his failure to discuss the matter with her at the time of the pre-sentence interview. For that reason, we believe that he has satisfied his acceptance responsibility and based upon the actions at and immediately after the time of his arrest, and didn't do anything contrary to that, to fail to receive that, with the district court indicating that he had put the government to its proof. We don't believe that being put to its proof in and of itself is sufficient to take him out of that. The case law that we cited in our brief indicates that there are circumstances where you can go to trial and receive at least two points, and we believe under those circumstances that he was entitled to those. The district court seemed to rely on two different bases. One was that I haven't seen anything other than the first statement. So, in other words, his initial statement that he accepted responsibility, and then he said, and also he went to trial. Now, with respect to the first part of that, I haven't seen anything other than his first statement. Is that correct? Was there other expressions of, I think in Cortez, the court says we look for expressions of contrition, remorse, language along those lines. Was there anything else, or was the district court correct on that first part of his statement? I believe, Judge, that he did make his first statement, and then I believe there was a document that he filled out with regard to, it was an immigration document as opposed to a criminal document where he said he was indeed a citizen of Mexico and that he did not, or did not enter this country lawfully. So there wasn't anything more than that. The court is correct. What I'd like to do, if I may, unless there are other questions on the issue of acceptance responsibility, is deal with the 16-point enhancement that my client received at the time of his sentencing. As the court knows, and we make reference to in our briefs, there is an FBI rap sheet, there is an abstract of judgment, and then ultimately the government, when there were questions about that, put forth a transcript from a prior change of plea from his 2005 conviction. Both the district court and government counsel during sentencing, I believe, acknowledged that none of those individual documents on their face was sufficient to get to the point they needed to for clear and convincing evidence that he had, that he was a person with this conviction, this violent conviction in 2002, I believe, that would result in the 16-point enhancement. However, the judge said that based upon taking all of these items together, that he was able to do that. It is our position that based upon the irregularities or inconsistencies or difficulties with those documents, and we make reference to the issue of the wrong name, the wrong date of the conviction, the wrong date of the conviction in the sentencing transcript, the lack of indications as to the conviction in the sentencing transcript, that all of those combined or taken individually do not raise to the level that the district court needed to make that 16-level enhancement. What our position is is that you can't take three things that are insufficient or not good enough on their face and combine them to suddenly make them good enough. And we go through the issues with regard to the numbers, the dates of birth, the names, all of those, and the inconsistencies contained therein that we believe do not rise to that. We've relied in other cases on fingerprint-based rap sheets. And here we have what seems like a similar type of sheet where the FBI says we've compared the fingerprints and it's the same person who committed all of these crimes. Why is that not adequate to rely on? I think it would have been if we had taken the fingerprint, and the government did ask for a fingerprint to be taken in a pretrial motion of the defendant, of the appellant. If we had taken that fingerprint or a fingerprint from him and compared that to the documents that the FBI rap sheet had, I would agree with the Court that that would be sufficient. But they didn't do that. They had the opportunity and they had the opportunity. There's also one on the abstract of judgment fingerprint as well, and that was never done. And as a result, it's our position that that failure is such that he does not or is not deserving of the 16-point enhancement. With the Court's permission, I'll reserve the remainder of my time. Very well. Good morning. May it please the Court, my name is Kimberly Hopkins and I'm from the District of Arizona. The District Court did not clearly err in denying a reduction for acceptance of responsibility, and the District Court did not err in finding that the defendant was the person that committed the prior conviction. The District Court did not clearly err in denying a reduction for acceptance of responsibility because the defendant did not meet his burden of showing that he was entitled to it. The District Court noted at sentencing that the defendant put the government to its burden of proof at trial. The District Court didn't penalize the defendant for going to trial, but it definitely took that into consideration when it denied the reduction for acceptance. I'm not sure I read it that way, but maybe you can help me. I'm reading what he says at ER 37. He won the motion to suppress, and that matter was not used at his trial. I don't see how that arises to a constitutional right that he was trying to vindicate on appeal or was going to do so going to trial to preserve that right to appeal. And then there's some more discussion. He put the government to the, I'm not sure who's speaking here. I think it's, no, I think it's the court. He did immediately confess to the offense in this case. He has put the government to the test here, gone to trial. I don't think that at this point he's entitled to acceptance of responsibility. I don't know how else to construe that as saying that because the court didn't see a constitutional right to be vindicated, and he put the government to its proof that he was automatically disqualified. Well, Your Honor, the District Court took the circumstances of this in this case, took them as a whole, and all these factors reduced the amount of evidence supporting acceptance in this case. The fact that he didn't give a full pretrial confession to the elements of the offense. The sentencing judge must look at all the evidence bearing on the defendant's contrition, and that is one of the circumstances that they looked at, the fact that he gave a partial confession. When he was first arrested, he admitted to being here illegally, and he had, he was a Mexican citizen. But there are other elements that the government would have had to prove at trial that he did not admit to. Furthermore, he invoked after he was arrested in this case, he vigorously litigated this case by filing more than ten pretrial motions. He didn't admit his conduct at trial. Where does the court invoke that? Pardon? Where does the District Court invoke what you're just saying now? Where does it invoke? At the sentencing? Yes. Well, they know, the government believes that they noted all of these facts. The District Court was the judge that was at the trial. District Court did note that he didn't give a full pretrial confession. I'm just looking at the transcript where he's rejecting specifically the argument of acceptance of responsibility. And I'm not seeing what you're talking about. So I'm, you know, he's invoking the having put the government to its proof. He talks about paragraph 5 of the PSR. And then he says, I don't see any, I'm looking at ER 37 to 38. I don't believe that he stated in the sentencing that he did invoke. But, like I said, the District Court did, had to look at all the evidence bearing on his contrition. Well, that may be, but I'm trying to understand what the district judge gave as his rationale. He may have looked at it, but what appears to be decisive is the fact that the government went to trial. I believe it's the fact that the government went to trial and the fact that he didn't give a full pretrial confession, that he didn't, that the few statements that he made when he first arrest, was arrested, didn't amount to acceptance in this case. But the district court didn't say that. I think that's the problem. The district, I believe the district court mentioned at sentencing that he, the statements that he admitted in the beginning didn't amount to acceptance. I don't have the. Well, he says that, but he doesn't say he didn't admit to all the elements of the crime. It says from paragraph 5 of the pre-sentence report, his statement to the border patrol agents was that before invoking his right to remain silent, he admitted he was a Mexican citizen and had entered the United States illegally. He says that. But he doesn't then draw the conclusion that he didn't plead guilty or didn't confess to all the elements of the crime. That's correct. So the district court did take into effect those few statements, and he took into effect that the defendant couldn't identify any constitutional issues that he was preserving by going to trial. The defendant, the defendant argues in the reply brief that the motion to suppress was the constitutional issue that he was preserving, but he won the motion to suppress. And at sentencing, when the district court specifically asked the defendant what issue was he preserving by going to trial, the response was the defendant had a right to have the government prove the case against him. The government's position that all of these factors reduce the amount of evidence supporting acceptance. Therefore, the district court looked at that evidence and didn't clearly err in denying a two-level reduction for acceptance. But when I turn to ER-38 where the district court reaches its final conclusion and it seems to say that it's basing it, the district court was basing it on two different grounds. It says the objection to the failure to grant acceptance of responsibility is overruled or denied based on the fact that the defendant has not made any statement other than the very initial statement he made to the Border Patrol. And then he goes on to say, further, he went to trial in this case. So let's assume for a moment that we have two different bases where the district court's ruling. That this is where he's crystallizing it. And one of them, the fact that he went to trial in the case, we've said in Cortez that's not a basis. What do we do when we have two different reasons and one of them is incorrect? Let's just assume for the moment that the further he went to trial in this case basis is incorrect under our decision in Cortez and other cases. Well, if you're just looking at the statements that he didn't fully accept responsibility in this case, he made a few pretrial statements, but it amounted to a partial confession. He didn't. But the court doesn't say that. That's my difficulty. Okay. But I mean, you can enlighten. I just, maybe it's implied. Maybe that's your best argument. I think that would be the best argument, that it was implied, because he did mention that he did just give those few pretrial statements. It still put the burden of proof on the government at trial. And the defendant notes that he had a right for the government to prove his case against him. But you cited also the proposition, as the district court cited himself, that it didn't present a constitutional challenge. And we've said the defendant's choice to exercise the constitutional right to trial and thus to hold the government to its burden. Even where the defendant does not bring a constitutional challenge, does not automatically make the defendant ineligible for adjustment. The exercise of a constitutional right cannot be held against a defendant for purpose of the adjustment of acceptance of responsibility, although it may reduce the amount of evidence in his favor. That's from Choa Gaytan, citing Vance. So we have all of these statements of principle, and the Court, you're saying, well, we should imply from the reference to paragraph 5 of the PSR that, as Judge Akuta was postulating, could allow for the inference that there was maybe one correct ground. But I don't think you've answered your question, which is, but when there are two statements that follow that, one, there was no constitutional right advanced, and, B, that he went to trial, that we could overlook those two clear, let's assume they're clear, legal errors, and the government prevails because he, by implication, cited an arguably permissible ground. Is that your answer? Well, in using the case, the Choa case, the circumstances in that case were definitely different than the case here. He, in that case, he admitted to all of the offense elements in that crime. That may be, but I'm just talking about the legal principle, which, as Judge Akuta pointed out, is also set forth in Cortez. So you're still not answering the question. Is your proposition that if the judge gives two reasons, one of which, let's assume hypothetically, is flat-out wrong, would be an impermissible basis for denying acceptance of responsibility, but he cites one that is clearly correct, is it your proposition that we should assume that even though the judge exercised his discretion in this case, even though half of the basis for the exercise was illegal, was as a matter of law, we should still uphold it because he got half of it right? I think it should still be upheld because he did get half of it right. That's correct, Your Honor. And I see that. You don't think that affects a judge's judgment if he makes a decision based on half an error of law? Half of the predicate for an exercise of judgment is just wrong? You don't think the district judge might have weighed things differently if he knew that he couldn't rely on those? Well, I believe initially he was taking into consideration all the circumstances that were in front of him, but I don't think it's an impermissible basis. Okay. I know you're trying to explore. I just have one follow-up question on the other enhancement. The odd thing about this case is that the court says I have three documents and none of them are sufficient, but I take them together and they are sufficient without explaining why that would be so. I just don't think I've ever seen a case where the district court says none of the I don't think the government does not have a case that has, that states that a cumulative conclusion is sufficient. But the case, there is cases that say that an abstract of judgment and a charging document is sufficient, which was in the VIA case, and there was more evidence  And I don't think that's true. case than there was in the VIA case. Well, perhaps. I'm just looking at the district court's findings. He rejects all the documents. He says none of them are adequate. And at the end he says, but I take them all together, I think they're okay. But I don't understand why he could say that. Well, he says none of them are adequate standing alone. Right. But together they are. And I believe the reason for it is the three documents were submitted to the court. They were marked into evidence. The judge, it's implied that the judge cross-referenced the information in all those documents. When the defendant was first arrested, he was fingerprinted. After he was fingerprinted, there was an FBI fingerprint generated rap sheet. It included a lot. It included the defendant's assault with a deadly weapon. It included his conviction for illegal reentry. And it included his arrest in the present case. Although there were different names, all of those names were listed on the rap sheet. In fact, the rap sheet ---- So where is that explanation in the record? I believe that it's implied, Your Honor. Okay. No, I take your argument. I think I understand. My question is taking you over your time. So thank you for your argument. And we'll hear from the defense. You have three minutes, 41 seconds left. Judge, if the Court has ---- I don't have anything to add. If the Court has questions, I'd be glad to answer any of them based upon the government's argument. But I don't have anything to add based upon that. All right. Any further questions? Thank you for your argument. The case, Mr. Herb, will be submitted for decision. Thank you both for your arguments this morning.
judges: Thomas, Fisher, Ikuta